| | | |
|---|---|---|
| SIDNEY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-519 FRB |
| | ) | |
| ST. JOHN'S MERCY MEDICAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sidney Keys for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth Amendment.  St. John's Mercy Medical Center ("St. John's") is named as defendant.

Plaintiff alleges that after a "distressful situation" he allowed a police officer to take him to the emergency room at St. John's.  Plaintiff says that while he was in the emergency room, a recording was playing over and over.  However, plaintiff says, whenever the nurse asked him if he was hearing voices the recording stopped.  Plaintiff claims he was involuntarily admitted to the hospital.  Plaintiff alleges that after he was admitted, he was subjected to toxic fumes, he was given involuntary medication, and he was slammed into a metal pole.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: the action occurred "under color of law" and the action is a deprivation of a constitutional right or a federal statutory right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  To state a claim against an institution, such as St. John's, plaintiff must allege that an official policy or custom of the institution caused an actionable harm.  Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993).

Plaintiff has not established any of the necessary elements to state a claim under § 1983.  The alleged deprivations did not occur under color of law.  Plaintiff's claims sound in tort and do not rise to the level of a constitutional violation.  And plaintiff has not alleged that an official policy or custom of St. John's caused an actionable injury.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is

**GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to

issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon

which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  _25th_  day of March, 2011.